## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ESSIENNE TSOLUMBA, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT – CLASS ACTION** |
| v. | : | |
| | : | |
| SELECTQUOTE INSURANCE SERVICES | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff Essienne Tsolumba (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      This case involves a campaign by Online Insurance Solutions LLC ("Online Insurance Solutions"), an insurance agent for SeletQuote Insurance Services ("SelectQuote"), to generate new customers for SelectQuote services through the use of telemarketing despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4.      Furthermore, Online Insurance Solutions continued to contact individuals for SelectQuote despite their request to no longer receive communications, as they did with Ms. Tsolumba.

5.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide classes of other persons who received similar calls.

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7.      Plaintiff Essienne Tsolumba is an individual citizen and resident of this District.

8.      Defendant SeletQuote Insurance Services is a corporation with a principal place of business is 595 Market Street, 10th Floor, San Francisco, California 94105.

9.      SelectQuote is registered to do business in Ohio.

## JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

11.      This Court has personal specific jurisdiction over SelectQuote because it (a) authorizes its agents like Online Insurance Solutions to do business in Ohio (b) it is registered and offers insurance products in Ohio.

12.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant's agent sent the telemarketing calls at issue from this District.

## TCPA BACKGROUND

13.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.      The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

14.      The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15.      The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

16.      Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

17.      These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

18.      Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

19.      This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

20.     These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

21.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**B.     The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

22.     The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

23.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

24.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

25.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

26.     Defendant SelectQuote is a "person" as the term is defined by 47 U.S.C.

§ 153(39).

27.     At no point has the Plaintiff sought out or solicited information regarding

Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

28.     Ms. Tsolumba's telephone number, 330-XXX-8439, is a residential telephone

line.

29.     It is not associated with a business and is used by Ms. Tsolumba for personal

purposes.

30.     The telephone number has been on the National Do Not Call Registry since

August 3, 2010.

31.     Ms. Tsolumba received eight telemarketing texts from Online Insurance Solutions

promoting SelectQuote services.

32.     Ms. Tsolumba replied "stop" to *each* of the text messages she received.

33.     However, other than the last text, despite her request that Online Insurance

Solutions stop texting her, another text was sent.

34.     The text messages are below:











35.     These text messages and calls were sent to promote SelectQuote goods and

services.

36.    Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's telephone line from legitimate communication.

## SELECTQUOTE'S VICARIOUS LIABILITY

37.    For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

38.    In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

39.    The FCC has instructed that sellers such as SelectQuote may not avoid liability by outsourcing telemarketing to third parties, such as Online Insurance Solutions:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

40.     In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

41.     SelectQuote is liable for telemarketing calls placed by Online Insurance Solutions to generate customers for SelectQuote.

42.     SelectQuote controls the day-to-day activities of Online Insurance Solutions's telemarketing for SelectQuote.

43.     SelectQuote restricts the geographic footprint into which its telemarketing vendors, including Online Insurance Solutions, can cause calls to be made.

44.     SelectQuote instructs its telemarketers, including Online Insurance Solutions, regarding certain numbers that they should or should not call.

45.     SelectQuote knew or reasonably should have known that Online Insurance Solutions were violating the TCPA on SelectQuote's behalf but SelectQuote failed to take effective steps within its power to cause them to stop.

46.     A reasonable seller that is itself, and whose telemarketers are, the targets of repeated telemarketing complaints lodged with the FTC would and should investigate to ensure that its telemarketing complies with the TCPA.

47.     The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46.  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon

the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

49.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Online Insurance Solutions (3) to promote SelectQuote services (4) within a 12-month period, (5) from four years prior to the filing of the Complaint.

> **Do Not Call Class**: All persons in the United States whose, (1) telephone numbers have previously been provided to Online Insurance Solutions in connection with a request to no longer be called (2) but received at least two telephone solicitations from or on behalf of Online Insurance Solutions in a twelve month period (3) promoting SelectQuote Services (4) including at least one telephone solicitation from or on behalf of Online Insurance Solutions more than 30 days after requesting to no longer be called (5) from four years prior to the filing of the Complaint.

Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50.     The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

51.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

52.     This Class Action Complaint seeks injunctive relief and money damages.

53.     The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

54.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

55.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

56.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

57.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

58.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) Whether SelectQuote is vicariously liable for Online Insurance Solutions conduct;

(b) whether multiple telemarketing calls were made promoting Defendant's goods or services to members of the Classes;

(c) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(d) whether Online Insurance Solutions made multiple calls to individuals more than 30 days after it had been provided with an instruction to no longer contact such individuals;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

59.     Plaintiff has retained counsel with substantial experience in prosecuting complex

litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Classes

and have the financial resources to do so.

60.     Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy.  The only individual question concerns identification of Class

members, which will be ascertainable from records maintained by Defendant and/or their agents.

61.     The likelihood that individual members of the Classes will prosecute separate

actions is remote due to the time and expense necessary to prosecute an individual case.


**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the Online Insurance Solutions Do Not Call Registry Class**


62.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

63.     Defendant SelectQuote violated the TCPA and the Regulations by having its

agent make two or more telemarketing calls within a 12-month period on to Plaintiff and the

members of the National Do Not Call Registry Class while those persons' phone numbers were

registered on the National Do Not Call Registry.

64.     Defendant SelectQuote also violated the TCPA and the by having its agent make

two or more telemarketing calls two or more telemarketing calls within a 12-month period on to

Plaintiff and the members of the Do Not Call Class after those individuals had provided their

phone number with an instruction to no longer receive calls from Online Insurance Solutions or SelectQuote.

65.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members and Do Not Call Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

66.    Plaintiff and National Do Not Call Registry Class members and Do Not Call Class members are each entitled to an award of treble damages if Defendant's actions are found to have been knowing or willful.

67.    Plaintiff and National Do Not Call Registry Class members and Do Not Call Class members are also entitled to and do seek injunctive relief prohibiting the third parties that generate leads for SelectQuote from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting the third parties that generate leads for SelectQuote from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B.    As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is

a proper representative of the Classes, and appointing the lawyers and law firms representing

Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.



PLAINTIFF,
By her attorney

*/s/Brian T. Giles*
Brian T. Giles (0072806)
THE LAW OFFICES OF BRIAN T. GILES
1470 Apple Hill Road
Cincinnati, Ohio 45230
Telephone:  (513) 379-2715
Brian@GilesFirm.com

Anthony Paronich
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Attorney for Plaintiffs

Dated: May 3, 2022